UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIFFANY REICHBACH,

    Plaintiff,

v.                            Case No.:  2:25-cv-1048-SPC-NPM

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.

## **ORDER**

Before the Court is Plaintiff Tiffany Reichbach's Objection to Defendant Amica Mutual Insurance Company's Notice of Removal and Motion to Change Venue. (Doc. 15). Defendant responded in opposition. (Doc. 23). For the following reasons, Plaintiff's motion is denied.

This case arises from a November 2020 car accident involving Plaintiff in Lee County. Plaintiff sued Defendant and the other driver in Lee County Circuit Court in November 2024. In early November 2025, Plaintiff settled her case against the driver and dismissed him from the action. Subsequently, Defendant removed this case based on diversity jurisdiction. The Court *sua sponte* issued an order to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (Doc. 14). Defendant

responded to the order to show cause, and the Court took no further action on its order. (Docs. 19, 21).

In the interim, Plaintiff filed her motion, requesting that the Court "change venue to State Court, Thirteenth Civil Circuit, in and for Hillsborough County, Florida, pursuant to 28 U.S.C. § 1447(c)." (Doc. 15 at 1). She also asks that the Court "grant this Motion and remand this action back to the circuit court of Hillsborough County." (*Id.* at 4). She explains that she filed the state court action in Lee County Circuit Court because the accident occurred in and the driver was from Lee County. But now that she has settled her case against the driver, she prefers to litigate her case in Hillsborough County because she lives there, her doctors are there, and the attorneys representing both parties have offices there.

Plaintiff does not challenge Defendant's removal on procedural grounds. Nor does she argue that this Court lacks subject matter jurisdiction. Instead, she merely objects to removal and argues that the state court is best situated to preside over state law claims.

To start, the basis for Plaintiff's motion is unclear. It appears as though she has conflated the concepts of remand, change of venue, and forum non conveniens. She moves for relief under § 1447(c), which provides for remand after removal if the federal court lacks subject matter jurisdiction. But she asks for a change of "venue." (Doc. 15 at 1). As Plaintiff has not challenged

2

the Court's subject matter jurisdiction or the procedural propriety of removal, § 1447(c) provides no relief here. *Cf. Ficus Villas Condo Assoc., Inc. v. Hartford Steam Boiler Inspection and Ins. Co.*, 832 F. App'x 695, 695 (11th Cir. 2020) ("[A] district court can remand a removed case back to state court only if it determines that it lacks subject matter jurisdiction, or if a party moves to remand the case because of a defect in the removal process."). And even if it did, Plaintiff has not explained the legal basis for the Court to remand this case to a state court *other* than the one from which it was removed—and in a different Division (Tampa) of the Middle District of Florida, no less.

To the extent Plaintiff relies on the change of venue statute, her motion fares no better. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). But this statute does not permit the Court to transfer the case to a state court, let alone one that is not in this Division. Plaintiff provides no authority to support such a request.

The cases Plaintiff cites to support her motion involve federal courts' exercise of supplemental jurisdiction over state law claims. (Doc. 15 at 3–4 (citing cases)). But supplemental jurisdiction is not at issue here. And regardless, courts routinely reject similar arguments that Florida courts' interest in adjudicating insurance disputes involving state law questions

3

justifies the remand of a case which was properly removed under diversity jurisdiction. *See Verneus v. AXIS Surplus Ins. Co.*, No. 16-21863-CIV, 2016 WL 8813984, at *3 (S.D. Fla. Nov. 8, 2016), *report and recommendation adopted*, No. 16-21863-CIV, 2017 WL 1536053 (S.D. Fla. Feb. 22, 2017) (rejecting "[p]laintiff's argument that Florida courts have a greater interest in resolving this matter than this federal court and that this so-called interest justifies the remand of a case which was properly removed under diversity jurisdiction") (citing cases). Plaintiff identifies no deficiencies in Defendant's removal of this case. In short, the Court sees no avenue offering Plaintiff relief.

Accordingly, it is now **ORDERED:**

1. Plaintiff Tiffany Reichbach's Objection to Defendant Amica Mutual Insurance Company's Notice of Removal and Motion to Change Venue is **DENIED**. (Doc. 15).

2. The Clerk is **DIRECTED** to terminate Jay Reichbach as a plaintiff in this case.[1]

**DONE** and **ORDERED** in Fort Myers, Florida on November 26, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[1] Plaintiff states that Jay Reichbach, a co-plaintiff in the state court case, filed a voluntary notice of dismissal of his claims as to both defendants in state court. (Doc. 15 at 2). Therefore, he is not a plaintiff in the removed action.

4